MANUEL CRUZ, demandante y apelante, v. LA COMISIÓN DE INDEMNIZACIONES A OBREROS DE PUERTO RICO, demandada y apelada.

No. 3895.—*Visto:* Junio 10, 1926. *Resuelto:* Julio 31, 1926.

1. PATRONO Y EMPLEADO—LEY DE INDEMNIZACIONES POR ACCIDENTES DEL TRABAJO—PROCEDIMIENTOS—DE LA EVIDENCIA—SUFICIENCIA DE LA MISMA—PRUEBA DE DEPENDENCIA.—Del hecho que un padre haya recibido los beneficios de vivir en familia con la ayuda que su hijo prestaba para su propio sostenimiento así como del hecho que, separados, el hijo enviara ocasionalmente dinero al padre, no puede establecerse la dependencia razonable de que habla la Ley No. 61 de 1921 (p. 473).

2. PATRONO Y EMPLEADO—LEY DE INDEMNIZACIONES POR ACCIDENTES DEL TRABAJO—PROCEDIMIENTOS—DE LA EVIDENCIA—SUFICIENCIA DE LA MISMA—PRUEBA DE DEPENDENCIA.—Siendo la dependencia, total o parcial, una cuestión de hecho para determinar por las circunstancias de cada caso en particular, atendida la prueba del caso de autos, *se resolvió:* que el tribunal inferior no erró al apreciar las circunstancias en él concurrentes.

SENTENCIA de *Charles E. Foote,* J. (San Juan, Primer Distrito), declarando sin lugar la demanda, con costas. *Confirmada.*

*Leopoldo Tormes,* abogado del demandante; *Hon. Attorney General,* abogado de la apelada.

EL JUEZ ASOCIADO SEÑOR FRANCO SOTO, emitió la opinión del tribunal.

José Cruz falleció en noviembre 22, 1923, a consecuencia de un accidente que le ocurrió mientras trabajaba como carpintero en las obras de construcción de la casa alcaldía de Vega Baja. Su padre, Manuel Cruz, presentó entonces ante la Comisión de Indemnizaciones a Obreros una solicitud alegando que dependía razonablemente para su subsistencia de lo que ganaba su hijo, quien en momentos del accidente contaba 24 años de edad, ganaba un salario de $2.40 diarios y era soltero, sano y trabajador.

La comisión después de investigar el caso desestimó la solicitud por el fundamento de que Manuel Cruz no dependía en ninguna forma de lo que ganaba su hijo fallecido. No conforme apeló a la corte de distrito, la que a su vez dictó sentencia confirmando la resolución que la comisión había rendido, rechazando la reclamación.

La base de esta apelación descansa únicamente en la dependencia razonable para la subsistencia del apelante, de lo que ganaba José Cruz.

Tendente a justificar ese extremo se produjo el testimonio de varios testigos, incluso el del propio demandante. La corte inferior no dió fe a sus declaraciones. Aunque la Ley No. 10 de 1918 (p. 55) fué enmendada por la Ley No. 61 de 1921 (p. 473) dándole un significado más amplio y liberal a la relación de dependencia "de modo razonable" y no "exclusivamente," como decía la ley anterior, para la subsistencia de los beneficiarios que dependían del obrero fallecido, no hay nada en la prueba que indique satisfactoriamente que Manuel Cruz descansaba de algún modo en su hijo para su sustento y manutención.

Si bien los diferentes testigos hablan de dinero que José Cruz mandaba a su padre, ellos se refieren a cantidades aisladas, sin determinar las fechas o períodos en que eran recibidas por el padre. Mientras unos afirman que recibía $5 o $10 cada dos o tres meses, según el demandante, él recibía de $35 a $40.

Parece probable que durante el tiempo que José Cruz trabajaba en Ponce, junto a su padre, éste recibía los beneficios de vivir en familia con la ayuda que el hijo prestaba para su propio sostenimiento. Luego salió de Ponce y estuvo ausente alrededor de cuatro años, cuando en Vega Baja le sorprendió el accidente que le causó la muerte.

El vivía entonces con Juan Cruz, de quien no era pariente, no pagaba nada por su hospedaje y estaba próximo a casarse con una hija de Juan Cruz. Mientras trabajaba en las obras de la alcaldía de Vega Baja ganaba $2.40 diarios. Juan Cruz no sabía qué hacía José Cruz con su dinero, pero no vió que él hiciera alguna remesa a su padre mientras vivió en su casa. No aparece nada que indique que José Cruz durante sus cuatro años de ausencia utilizara el correo para remitir dinero a su padre. De todos modos, aunque se aceptara que José Cruz le diera en alguna

ocasión dinero a su padre, de ello no podíamos establecer la dependencia razonable de que habla la ley, pues no es bastante que Manuel Cruz meramente derivase algún provecho del salario de su hijo para llegar a esa conclusión.

La enmienda de la ley a que hemos hecho referencia está en armonía con la doctrina establecida por una mayoría de las autoridades, la que se ha resumido diciendo:

"Sin embargo, en la mayoría de los estados parece que se ha aceptado el punto de vista de que dependencia dentro del significado del estatuto no quiere decir dependencia absoluta para las necesidades de la vida, sino que el peticionario más bien espera y confía en la ayuda del trabajador, en todo o en parte, para su sostenimiento y manutención, de acuerdo con la posición social del peticionario y su modo de vida acostumbrado." 22 R. C. L. p. 771.

Y esto en concordancia con la regla que la dependencia, ya sea total o parcial es principalmente una cuestión de hecho para ser determinada por todas las circumstancias de cada caso en particular, podemos concluir que la corte inferior no erró al apreciar tales circunstancias indicativas de que el demandante no dependía en ninguna forma para su subsistencia del obrero fallecido.

*Por todo lo expuesto, debe confirmarse la sentencia apelada.*

El Juez Asociado Señor Hutchison no intervino en la resolución de este caso.